REDMANN, Judge
(dissenting).
Perhaps the law should be that cities shall never be liable for injuries to persons of the age of reason from falls on sidewalk defects.
However, as long as the law is that cities are liable, we should not deny this plaintiff recovery on a theory of contributory negligence. The testimony is unanimous that it was night at the time of the fall.
The testimony of Gwen Thibodeaux that she saw the defect from across the street at the time, at night, is not credible. Its context shows that she saw the fall, and knew (from haying fallen there herself!) that the sidewalk there was defective.
Plaintiff’s testimony of “not looking down” is the truthful depiction of the ordinary walker’s reliance on straight-ahead wide-angle vision — assisted by focusing on the ground from time to time as conditions might warrant.
Plaintiff’s damages attributable to her fall are minor, and do not include her arthritic condition and its treatment. But she should have judgment for her other medical expense and $250 general damages.